UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALENTINA MILMAN and ALEXANDER MILMAN, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; JP MORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1-20 Inclusive, <br><br> Defendant. | CASE NO. C11-1449RSM <br><br> ORDER OF DISMISSAL FOR LACK OF JURISDICTION |

This matter is before the Court for consideration of plaintiff's response to the Order to Show Cause dated September 2, 2011. Dkt. # 4. The Court on that date ordered plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction. The Court noted that the complaint asserts only state law causes of action. The parties in this case are non-diverse as one defendant is a Washington resident. Therefore there is no basis for either diversity or federal question jurisdiction.

Plaintiffs have timely responded to the Order to Show Cause, but their response fails to demonstrate any basis for this Court's jurisdiction. The Court has already rejected plaintiffs' argument regarding "Article III common law" and plaintiffs have failed to cite to any case

ORDER OF DISMISSAL FOR LACK OF JURISDICTION - 1

authority recognizing such law in this context. Plaintiffs also assert that they "may" amend their complaint to add causes of action under the Truth in Lending Act, 16 U.S.C. § 1601 and/or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, but such amendment would be futile, because it appears the statute of limitations has run. These causes of action arise from the loan documents. The loan in this case was processed in 2004. Complaint, Dkt. # 1, ¶ 7.

As the Court stated in the Order to Show Cause, it is a basic principle of federal jurisprudence that federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir.2006). This Court has an obligation to raise the question of subject matter jurisdiction, *sua sponte*, where it appears to be lacking *Snell v. Cleveland, Inc*., 316 F.3d 822, 824, 826 (9th Cir.2002).

Having raised the question through the Order to Show Cause, and having considered plaintiffs' response, the Court finds that it lacks subject matter jurisdiction. Plaintiffs' remedy, if any, lies in state court. This action is hereby DISMISSED for lack of jurisdiction.

Dated this 30th day of September 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE